IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| STEVEN DENNIS RYAN, | : |
| Plaintiff | : |
| VS. | : |
| | : **7 : 02-CV-30 (HL)** |
| WARDEN VICTOR WALKER, et al., | : |
| Defendants. | : |

**RECOMMENDATION**

The plaintiff filed this § 1983 action in April 2002, alleging that the defendants were deliberately indifferent to his serious medical needs while he was confined at Valdosta State Prison. Pending herein is the motion for summary judgment filed on behalf of the sole remaining defendant, J.W. Wilson, Jr. The plaintiff has not responded to either this motion or the court's directive to file a response.

In his complaint, the plaintiff details his repeated requests for and denial of medical attention between July and October 1998, while he was confined at Valdosta State Prison ("VSP"). In regard to defendant Wilson, the plaintiff maintains that

> [o]n 7/18/98, I was in [sic] route to church and my chest was hurting so I entered the medical section and told J.W. Wilson Jr. (officer) that I needed to see a nurse and officer J.W. Wilson Jr. told me that I needed a pass and I received disciplinary report. As a result of being denied of medical attention, I continued to suffer from a hiatal hernia and gastroesophageal reflux disease. This took place in the medical section at Valdosta State Prison.

Plaintiff's Amended complt. at ¶ 4.

On October 6, 1998, the plaintiff was transferred to Augusta Medical State Prison for mental health treatment and on February 3, 1999, after being transferred to Georgia State Prison, the plaintiff was x-rayed and ultimately diagnosed with a hiatal hernia and gastroesophageal reflux disease.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Defendant Wilson has supported his motion with a brief and certain portions of discovery responses.

As set out and developed in the record herein, the plaintiff was seen in the medical department at VSP at least eleven (11) times between July 1, 1998, and September 8, 1998, and was seen by a physician, Dr. Asebiomo, on at least two (2) of those occasions.  On July 18, 1998, the plaintiff was stopped by defendant Wilson while he was en route to the medical section,

complaining of chest pains. In his sworn responses to the plaintiff's interrogatories, Wilson states that he asked the plaintiff for his pass and then informed a nurse of plaintiff's complaints. The nurse told Wilson that the plaintiff was "faking the chest pain and that there was nothing wrong with the Plaintiff." Wilson then sent the plaintiff back to his building.[1] Defendant's resp. to plaintiff's interrogatory 4. Although Wilson did file a disciplinary report against the plaintiff on July 19, 1998, said report was filed based on plaintiff being in an area of the prison without permission.

"[T]he question whether an x-ray -- or additional techniques or forms of treatment -- is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). Deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action." Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994). To the extent that the plaintiff disagrees with the course of treatment provided by prison medical staff, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of

---

[1] Plaintiff reported to the medical department on July 1, 1998, initially asserting that he had swallowed oven cleaner, but later stated that he had only inhaled oven cleaner fumes. Plaintiff was given an appointment to see Dr. Asebiomo on July 10, 1998. Thereafter, the plaintiff was examined and evaluated by medical staff on multiple occasions, with medical staff members thoroughly examining the plaintiff but finding no indication that additional tests or treatments were needed.

treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).  The undisputed facts herein clearly show that the plaintiff requested and received medical treatment on numerous occasions during the time period in question, and that he initially reported gastrointestinal symptoms after exposure to chemical fumes.  Additionally, as stated by defendant Wilson in his sworn discovery responses, he did not deny the plaintiff medical treatment on the day in question.  There is no indication that Wilson knew of any serious medical needs and intentionally failed to provide for appropriate medical care.  The deliberate indifference standard has both a subjective and objective component; "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).  "Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

     Furthermore, the plaintiff has failed to establish the existence of a serious medical need that a delay in treating exacerbated.  "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." Hill v. DeKalb RYDC, 40 F.3d 1176, 1189 (11th Cir. 1994).  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188.

Accordingly, it is the recommendation of the undersigned that Motion for Summary Judgment filed on behalf of defendant Wilson be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.  **SO RECOMMENDED**, this 21st day of July, 2005.

   /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb